



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

June 1, 1939

GERALD C. MANN
ATTORNEY GENERAL

Hon. Geo. W. Cox
State Health Officer
Austin, Texas

Dear Sir:

Opinion No. O-816
Re: Status of county and city health
officers.

We are in receipt of your letter of May 10,
1939, in which you ask for our opinion on the following
questions:

"Is it possible for the County Commission-
ers' Court of this county, the county of Hutch-
inson, and the City Commission of the city of
Borger to agree upon one man as their joint coun-
ty and city health officer and employ him as
such, each contributing their part and portion
of the fee?

"Can the county Commissioners' Court re-
lieve their health officer and then re-employ
him under a contract as county and city health
officer, and pay him an adequate salary for
both positions, or could they remove him entire-
ly without becoming liable for the contract?"

The office of county health officer is created
by statute. Article 4423, Revised Civil Statutes, provides
for such an official, as follows:

"The Commissioners' Court by a majority
vote in each organized county shall biennially
appoint a proper person for the office of county
health officer for his county, who shall hold of-
fice for two years. Said county health officer
shall take and subscribe to the official oath,
and shall file a copy of such oath and a copy of

his appointment with the Texas State Board of
Health; and, until such copies are so filed,
said officer shall not be deemed legally qual-
ified. Compensation of said county health of-
ficer shall be fixed by the Commissioners'
Court; provided, that no compensation or sal-
ary shall be allowed except for services
actually rendered."

We construe such statute as making it mandato-
ry upon the Commissioners' Court to appoint biennially a
proper person to the office of county health officer.

Article 4426, Revised Civil Statutes, 1925, au-
thorizes the appointment of a county health officer by
the State Board of Health, if the county authorities do
not act.

Article 4427 outlines the duties of a county
health officer. This enumeration is in detail and gives
him a multitude of responsibilities. Aiding and assist-
ing the Texas State Board of Health are among his tasks.
The Act states that he "shall discharge any additional
duties which it may be proper for county authorities under
the present law to require of county physicians."

Article 4428, Revised Civil Statutes, 1925, is
exclusive authority for the removal of a county health
officer. It reads:

"In all matters with which the State Board
of Health may be clothed with authority, said
county health officer shall at all times be un-
der its direction; and any failure or refusal
on the part of said county health officer to
obey the authority and reasonable commands of
said State Board of Health shall constitute
malfeasance in office, and shall subject said
county health officer to removal from office
at the relation of the State Board of Health;
and pending charges for removal, said county
health officer shall not receive any salary or
compensation. Said cause shall be tried in the
district court of the county in which such coun-
ty health officer resides."

The county health officer is granted a trial of the removal cause "in the district court of the county in which such county health officer resides".

Articles 4428 and 4429, Revised Civil Statutes, 1925, must be strictly followed in the attempted removal of a county health officer. It will be noted that the removal proceedings in this instance are instituted by the State Board of Health. The grounds are malfeasance of office consisting of failure and refusal to discharge the duties of the office.

Article 4425, Revised Civil Statutes, 1925, created the office of city health officer. It provides:

"The governing body of each incorporated city and town within this State shall elect a qualified person for the office of city health officer by a majority of the votes of the governing body, except in cities which may be operated under a charter providing for a different method of selecting city physicians, in which event the office of city health officer shall be filled as is now filled by the city physician, but in no instance shall the office of city health officer be abolished. The city health officer, after appointment, shall take and subscribe to the official oath, and shall file a copy of such oath and a copy of his appointment with the Texas State Board of Health and shall not be deemed to be legally qualified until said copies shall have been so filed." (Underscoring ours).

The statute clearly stipulates that "in no instance shall the office of city health officer be abolished".

Article 4430, Revised Civil Statutes, 1925, outlining the duties of a city health officer, places this officer under the direction and regulation of the State Board of Health.

The city health officer like the county health officer is subject of removal at the relation of the State

ard of Health and a trial in the district court of his residence provided. Articles 4431 and 4432, Revised Civil Statutes, 1925.

The statutes do not subordinate the position of city health officer to that of county health officer. They are parallel in importance, legal status, and scope of work outlined for the respective positions. Both offices are subject to the State Board of Health, rather than to each other or to the County Commissioners' Court.

In Articles 4433 and 4434, Revised Civil Statutes, 1925, an annual conference of county and city health officers under the direction of the State Board of Health is provided for, and cooperation between municipal authorities and the Commissioners' Court in relation to health matters is urged.

A careful consideration of the aforementioned articles fails to indicate that it was the legislative intent that the Commissioners' Court of the county had one iota of jurisdiction over the position of city health officer.

Both the positions of county and city health officers are statutory. Neither of them can be abolished nor can they be consolidated except by legislative enactment.

It is expressly provided that "in no instance shall the office of city health officer be abolished". The governing body of the city has no right to abolish the office. The State Board of Health has no power to abolish it. Certainly the County Commissioners' Court lacks the authority. Texas Legislature wrote the position of city health officer into the law in the interest of public health and Article 4425, Revised Civil Statutes, 1925, would have to be repealed or amended before the separate position of city health officer could be eliminated or abolished.

The County Commissioners' Court has certain powers and authority in respect to the office of county health officer. The power of appointment, control over

compensation, and the right to prescribe duties, these all exist. But the State Board of Health has a concurrent control and authority. Clearly the power of the County Commissioners' Court, in respect to the position of county health officer, is defined and limited by the statutes. The County Court cannot exceed its express power and rights.

We wish to point out that this department in opinion No. O-518 to Honorable Fred T. Porter, County Attorney, Kaufman County, has already ruled that the offices of city health officer and county health officer are civil offices of emolument within the purview of section 40 of article 16 of the Constitution of the State of Texas prohibiting any persons holding or exercising two such offices at the same time.

It is our opinion that a County Commissioners' Court and a City Commission are prohibited both by section 40 of article 16 of the Constitution and the statutes of the State of Texas from appointing and employing one person as joint county and city health officer. We further hold that a County Commissioners' Court is without authority to relieve the health officer of the county of his office and then re-employ him under a contract as county and city health officer, paying him a salary for both positions. To hold otherwise we think would be recognizing in the County Commissioners' Court legislative power to abolish and consolidate statutory state offices in addition to the constitutional inhibition. Finally, a County Commissioners' Court may not legally remove a county health officer without becoming liable under the contract of appointment except on the grounds of malfeasance of office in an action instituted by the State Board of Health.

Trusting that the above satisfactorily answers your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Dick Stout_
Dick Stout
Assistant

DS:omb

APPROVED:

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS.

APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN